

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2008

# Michael Sharpe v. Sean Costello

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1811

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Michael Sharpe v. Sean Costello" (2008). *2008 Decisions.* Paper 838.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/838

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-245                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 08-1811

———————————

MICHAEL SHARPE,

Appellant,

v.

MR. SEAN COSTELLO, Chaplain; MR. CAMERON
LINDSAY, Warden; MR. FRANK KARAM, Assistant
Warden; Warden SCOTT DODRILL; HARLEY G. LAPPIN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-01493)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 26, 2008

Before: BARRY, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: July 15, 2008)

———————————

OPINION

———————————

PER CURIAM

Appellant Michael Sharpe, now a federal prisoner incarcerated at the Federal Correctional Institution in Fairton, New Jersey, filed an in forma pauperis civil rights action, see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in United States District Court for the Middle District of Pennsylvania against three defendants employed by the United States Bureau of Prisons ("BOP"). Sharpe alleged a violation of his Eighth Amendment rights in that defendant Sean Costello, the chaplain at the United States Penitentiary in Canaan Township, Pennsylvania, where he previously was incarcerated, unsuccessfully attempted to sexually assault him and he had to fight off the chaplain's advances. Sharpe sought money damages. The Magistrate Judge recommended dismissing the complaint as lacking an arguable basis in fact or law under the in forma pauperis statute. Sharpe filed an amended complaint. The District Court approved and adopted the Report and Recommendation, dismissed the original complaint, and permitted the filing of the amended complaint.

In his amended complaint, Sharpe alleged that the chaplain tried to touch his penis through his clothing when they were alone together in the chapel area. Sharpe completed and submitted a grievance in connection with the incident. Thereafter, he was placed in the Special Housing Unit pending an investigation of the chaplain, and urged to withdraw his grievance. The chaplain continued to harass him verbally. In further retaliation for his having filed the grievance and his refusal to withdraw it, the defendants increased his

2

custody score from "10" to "17," and moved him to a higher custody institution for disciplinary purposes, five hundred miles away from his release designation. The defendants also retaliated against him by restricting his access to the law library. Sharpe again sought money damages. In screening the amended complaint, the District Court concluded that, once again, Sharpe had failed to state an Eighth Amendment claim with respect to the chaplain's attempted touching and verbal harassment, and the supervisory defendants' alleged failure to protect him from the same. The District Court did, however, allow the case to proceed against the remaining four BOP defendant employees on the basis of the First Amendment retaliation claim.[1]

The defendants filed a motion to dismiss the amended complaint or, in the alternative, a motion for summary judgment, alleging that Sharpe failed to exhaust his administrative remedies with respect to his First Amendment claim. In support, they submitted the Declaration of Susan Albert, a paralegal at USP-Canaan. Her review of

---

[1] Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001), establishes a three-part test for determining whether a prisoner-plaintiff has stated a claim of retaliation. First, the prisoner "must prove that the conduct which led to the alleged retaliation was constitutionally protected." Id. at 333. Second, he "must show that he suffered some 'adverse action' at the hands of prison officials." Id. (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). Finally, he must prove "that his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Id. (quoting Mount Healthy Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977)). "Once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." See id. at 334.

3

Sharpe's administrative remedies revealed that, between December 29, 2003 and July 15, 2007, he filed fifteen grievances, four of which were filed after he was placed in the Special Housing Unit. However, none of the four relevant grievances raised issues relating to his claims that his custody-level score was manipulated in retaliation for filing a grievance against a staff member or that BOP personnel improperly manipulated a transfer outside of his 500-mile radius release designation, or limited his access to the law library. Sharpe opposed summary judgment, contending that he tried to exhaust administrative remedies but the BOP had an unwritten policy of not responding to inmate grievances.[2]

In a judgment entered on March 4, 2008, the District Court granted the defendants' motion and awarded judgment to them and against Sharpe, concluding that Sharpe's failure to present his claims of retaliation through the BOP administrative remedy process prevented consideration of his First Amendment claim on the merits. In a thorough memorandum opinion, the court reviewed the grievances filed between September 20, 2005, the date when Sharpe was placed in the Special Housing Unit, and August 1, 2006, when Sharpe filed his civil action, and found that none of them related to his contention that he was wrongfully designated for a higher security prison, improperly placed more than 500 miles from his release date, or that his law library privileges were unduly

---

[2] Sharpe seemed to base this assertion on the fact that the BOP would not disclose to him the results of an internal investigation into Chaplain Costello's alleged misconduct.

4

restricted. To the extent that Sharpe made general reference to retaliatory acts during his attempts at informal resolution, he did not appeal the responses he received to the intermediate and final administrative levels of the Warden, the Regional Director, and the Central Office. In addition, although his initial grievance and subsequent appeals addressed his placement in the SHU, they focused only on the BOP's failure to provide him with "official paperwork" authorizing his placement in the SHU and a hearing on the placement.[3] Sharpe appeals.

Our Clerk granted Sharpe leave to proceed in forma pauperis and advised him that his appeal was subject to dismissal under 28 U.S.C. § 1915(e)(2), or that it might be appropriate for summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. He was invited to submit a written response, but has not done so.

We will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable

---

[3] The District Court declined to consider any claim of a procedural or substantive due process violation, because it was not included in the amended complaint and was alluded to only in Sharpe's response in opposition to the motion for summary judgment. This was within the court's discretion. See Adams v. Gould Inc., 739 F.2d 858, 863 (3d Cir. 1984). In any event, Sharpe's placement in administrative custody pending an investigation into Costello's alleged misconduct did not deprive him of any constitutionally protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995).

5

basis either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Our review of the District Court's grant of summary judgment is plenary and we must affirm summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  We conclude that there is no arguable basis in fact or law for disagreeing with the District Court's summary judgment determination.  Neitzke, 490 U.S. at 325; Celotex Corp., 477 U.S. at 322-23.

A prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit.  See Booth v. Churner, 532 U.S. 731 (2001).  This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Proper exhaustion means using all steps provided by the BOP and doing so properly so that it addresses the issues on the merits.  See Woodford v. Ngo, 548 U.S. 81, 90 (2006).  It demands compliance with the BOP's deadlines and other critical procedural rules because no adjudicative system can function without imposing structure on the course of its proceeding.  Id. at 90-91.  If the prisoner fails to follow the procedural requirements, then his claims are procedurally defaulted.  See Spruill v. Gillis, 372 F.3d 218, 228-31 (3d Cir. 2004).

The Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his

imprisonment. 28 C.F.R. § 542.10. In order to exhaust appeals under the administrative remedy process, an inmate must first raise his complaint with his unit team through an informal resolution attempt. See 28 C.F.R. § 542.13. If the concern is not informally resolved, the inmate may file an appeal to the Warden of the institution where he is confined. See § 542.14. The inmate must then further appeal an adverse decision to the Regional Director and then to the Central Office of the Federal Bureau of Prisons. See § 542.15. No administrative grievance is considered to have been fully and finally exhausted until denied by the Bureau of Prisons's Central Office. See § 542.15(a).

Upon careful review of the record, we agree with the District Court that Sharpe failed to exhaust his administrative remedies. Accordingly, we may not reach the merits of his First Amendment claim. Summary judgment was appropriate because he failed to come forward with any evidence to rebut the record evidence that he committed a procedural default by failing to complete the grievance process with respect to any grievance relating to his claim of retaliation. See Fed. R. Civ. Pro. 56(e); see also Spruill, 372 F.3d at 230. Moreover, the record establishes that remedies were available to him, see Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000), notwithstanding his assertion to the contrary. We, therefore, discern no error in the dismissal of Sharpe's amended complaint on the basis of failure to exhaust under section 1997e(a).

We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).